UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

JANE BARASCH, on her own and on behalf
of all others similarly situated,

                Plaintiff,    <u>ORDER</u>

    - against -          CV 2007-1693 (NGG)(MDG)

ESTATE INFORMATION SERVICES, LLC,

                Defendant.

- - - - - - - - - - - - - - - - - -X

    This order addresses the letter application of plaintiff to compel discovery filed on March 5, 2008.

    <u>Scope of Discovery</u>.  This Court agrees with plaintiff that she is entitled to information regarding other consumers besides the ones in New York state who received a collection letter with the disputed language.  That information clearly is relevant since plaintiff asserts claims on behalf of a nationwide class.

    Perhaps to divert attention from its failure to respond to this aspect of plaintiff's motion, defendant challenges plaintiff's standing to bring suit.  Such arguments are more properly raised in a motion to dismiss rather than as a justification for unilaterally narrowing the scope of discovery.

    Sadly, neither side appears to have researched the law of standing.  The Sixth Circuit in <u>Wright v. Finance Service of Norwalk</u>, Inc., 22 F.3d 647 (6th Cir. 1994) (en banc), held that

anyone who receives unauthorized communications has standing to sue under 15 U.S.C. § 1692k, including an executrix of an estate who is a person "'stand[ing] in the shoes' of the debtor or ha[s] the same authority as the debtor to open and read the letters of the debtor." Id. at 649-50. Citing Wright with approval, the Second Circuit in Sibersky v. Goldstein, 155 Fed.Appx. 10, 11-12 (2d Cir. 2005) recognized the broad standing under the Federal Debt Collection Practices Act and held that a plaintiff only had "to plead some injurious exposure to the communication to have standing to sue."

However, plaintiff is not described in the complaint as suing in a representative capacity for the estate. If plaintiff is suing on behalf of the estate of her husband, as she suggests, plaintiff should promptly file a letter application to amend the caption accordingly.

Missing Electronic Records. This Court is not satisfied with the efforts of the parties in attempting to resolve this dispute. Defendant's counsel must immediately confer with his client on whether the deleted records may be retrieved and the costs of such retrieval. Counsel must then call plaintiff's counsel well in advance of the next scheduled conference with such information. Plaintiff is entitled to conduct further expedited discovery on this issue should additional information be necessary in order to make a further application to compel. Responses to requests are due in two weeks.

CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is granted to the extent set forth above. Defendant must produce the information regarding the recipients of the letter outside of New York State by April 11, 2008. The next conference is adjourned to April 15, 2008 at 11:00 a.m.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 21, 2008

                                              /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE