UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JANE BARASCH, on her own behalf and on
behalf of all other similarly situated,

                          Plaintiff,

                -against-

ESTATE INFORMATION SERVICES, LLC

                          Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**07-CV-1693 (NGG)(MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On April 25, 2007, Jane Barasch ("Barasch" or "Plaintiff") filed a putative class action Complaint alleging that she had received an unlawful debt collection letter from Defendant Estate Information Services, LLC ("EIS" or "Defendant"). (Compl. (Docket Entry # 1) ¶ 15.) Her Complaint alleges that certain language in the letter renders it an abusive, deceptive or unfair collection practice in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA" or "the Act"). Following the close of discovery (see Minute Entry dated June 3, 2008), EIS and Barasch cross-moved for summary judgment. (See Docket Entries ## 15-16.) For the reasons that follow, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED.

**I.    BACKGROUND**

On April 13, 2007, EIS sent a letter to "The Estate of PETER D. SHERAN" at an apartment on Eighth Avenue in Brooklyn, New York. (See Compl. Ex. A.) According to the letter, EIS—a "Deceased Account Collection Agency" with an address in Columbus, Ohio—was writing to the executor or executrix of Mr. Sheran's estate to collect a $2,294.82 debt owed on a

1

Capital One credit card. (Id.) According to the Complaint, Barasch "received and came into contact with" this debt collection letter at her home address. (Compl. ¶¶ 4, 15.)

Barasch alleges that language in the letter, concerning how the Estate of Peter Sheran could dispute the debt, violated 15 U.S.C. § 1692g. Under § 1692g, a debt collector must, inter alia, include notification in its debt collection letter that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." See 15 U.S.C. § 1692g(a)(3). Plaintiff contends that language in EIS's debt collection letter contradicted the language required by this specific provision of § 1692g.

The court need not reach the merits of Plaintiff's claim. Defendant moves for summary judgment on the grounds that Plaintiff lacks standing under the FDCPA to pursue her claim. "In responding to a motion for summary judgment, the party invoking federal jurisdiction must establish standing by setting forth specific evidence sufficient to raise a genuine issue of material fact." Arce v. O'Connell, 427 F. Supp. 2d 435, 441 (S.D.N.Y. 2006). Because there is insufficient evidence to create a genuine issue of material fact that Plaintiff has standing to pursue her claim under § 1692g, summary judgment for Defendant is appropriate.

## II.   DISCUSSION

"Section 1692g of the [FDCPA] states that when an independent debt collector solicits payment it must provide the consumer with a detailed validation notice." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). The validation notice informs the consumer "of the means by which [he] may challenge the validity of the debt," and the specific requirements for the notice's contents are laid out in § 1692g. Wyler v. Computer Credit, Inc., No. 04-cv-2762 (CLP), 2006 WL 2299413, at *5 (E.D.N.Y. Mar. 3, 2006). It "must include the amount of the

debt, the name of the creditor, a statement that the debt's validity will be assumed unless disputed by the consumer within 30 days, and an offer to verify the debt and provide the name and address of the original creditor, if the consumer so requests." Russell, 74 F.3d at 34 (citing 15 U.S.C. § 1692g(a)). Plaintiff contends that the validation notice in EIS's debt collection letter violated this FDCPA provision.

In response, Defendant argues, inter alia, that Plaintiff does not have standing to pursue this claim. It argues that Plaintiff is not a "consumer" protected by the FDCPA because the debt collection notice at issue was mailed to "the estate of decedent Peter D. Sheran, an entity created by statute, as opposed to a natural person or consumer" recognized by the FDCPA. (Def. Mem. (Docket Entry # 15) 7.) EIS thus argues that Plaintiff does not fall into the "zone of interests" intended to be protected by the Act and her Complaint should be dismissed. (Id.) Plaintiff replies that the FDCPA provides broad standing to sue, and that a plaintiff must only assert "some injurious exposure to the communication to have standing . . . ." (Pl. Mem. (Docket Entry # 16) 11-12 (internal quotation mark omitted).)

Courts have recognized that "the general civil liability section of the FDCPA is very broad, stating that 'any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person' for specified civil damages.'" Bank v. Pentagroup Financial, LLC, No. 08-cv-5293 (JG)(RML), 2009 WL 1606420, at *3 (E.D.N.Y. June 9, 2009) (quoting 15 U.S.C. § 1692k(a)). Accordingly, standing to bring suit for violations of the FDCPA has been extended to those "standing in the consumer's shoes," and to those who have incurred "some injurious exposure to the communication." Id. at *4-*5.

Nonetheless, courts have taken a section-by-section approach to standing under the FDCPA. As Judge Gleeson stated in Bank, "[d]espite the broad language of § 1692k, various

3

courts have found that only a 'consumer' has standing to sue under particular sections of the FDCPA that specifically regulate communications 'with the consumer.'" Bank, 2009 WL 1606420, at *4. For example, in Bank Judge Gleeson determined that a third-party non-consumer did not have standing to bring suit under § 1692c ("Communication in connection with debt collection"), but did have standing under § 1692d ("Harassment or abuse"). Id. at *4-*5. Regarding § 1692c, he explained that "read as a whole, [the section] is clearly intended to protect the rights of the consumer rather than the rights of third parties. The purpose of § 1692c is to protect the consumer's privacy and reputation." Id. at *4.[1] By contrast, Judge Gleeson found that § 1692d was not limited to consumers, because it "prohibits a debt collector from engaging in 'any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.'" Id. at *5 (quoting § 1692d).

Similarly, in Montgomery v. Huntington Bank, 346 F.3d 693, 697 (6th Cir. 2003), the Sixth Circuit explained that a third-party non-consumer has standing to sue under § 1692d and § 1692e, but does not have standing to sue under § 1692c. Unlike § 1692c, which is limited to communications with consumers (as defined by that section), § 1692d and § 1692e are stated more broadly, and may extend to any person "harmed" or "aggrieved" by a prohibited practice. Id. at 696-97; but see Conboy v. AT & T Corp., 84 F. Supp. 2d 492, 505 & n.9 (S.D.N.Y. 2000) (finding no standing for non-consumers under § 1692e(11) because "that subsection specifically regulates communications 'with the consumer'").

The Second Circuit has not explicitly ruled on these issues of standing under the FDCPA. In particular, in Sibersky v. Goldstein, No. 03-7993, 155 F. App'x 10, 11 (2d Cir. Sept. 21,

---

[1] Under § 1692a, a "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). For the purposes of § 1692c, however, the term consumer is explicitly defined to include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d).

4

2005), the court stated that it had "not specifically ruled as to which, if any, sections of the FDCPA are necessarily limited to consumers." Sibersky addressed claimed violations of § 1692e and § 1692g, but the court did not have to decide "whether a §§ 1692e(11) or 1692g claim could ever be maintained by a person other than the debt consumer." Id. The court reasoned that:

> [e]ven if we were to answer that question in the affirmative, we would affirm the judgment in this case because the record indicates not only that Sibersky is not the debt consumer to whom the offending letters were directed, but also that he neither stands in the shoes of that consumer, nor has pleaded injurious exposure to the debt collection letters at issue.

Id. (internal citation omitted). In reaching this conclusion, the Second Circuit cited approvingly to the approach articulated by the Sixth Circuit:

> When an FDCPA complaint alleges that a letter communicates faulty notice pursuant to §§ 1692e(11) and 1692g, or threats violative of § 1692e(5), for the offending communication to be "with respect to" a person other than the debt consumer or someone standing in the consumer's shoes, that person would have to plead some injurious exposure to the communication to have standing to sue.

Id. at *11-*12 (citing Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647, 650 (6th Cir. 1994) (en banc)).

Assuming that the Second Circuit would apply this standard, its application would allow Plaintiff two options for establishing standing under the FDCPA. She does not meet either of them. Regarding the first option—that she be "standing in the shoes" of the consumer—Plaintiff has disclaimed reliance on it. The debt collection notice at issue was directed to the Estate of Peter Sheran, and Plaintiff does not claim to be "standing in his shoes" by suing on behalf of the estate. In an Order dated March 21, 2008, Magistrate Judge Marilyn D. Go stated: "plaintiff is not described in the complaint as suing in a representative capacity for the estate. If plaintiff is suing on behalf of the estate of her husband, as she suggests, plaintiff should promptly file a letter application to amend the caption accordingly." (Order dated March 21, 2008 (Docket

5

Entry # 12) ("March Order"), at 2.) Plaintiff has never done so. Nor has she indicated that she stands in Peter Sheran's shoes in any other manner. Thus, Plaintiff is plainly not claiming to satisfy the first option for standing under Sibersky.

Instead, Plaintiff asserts that she satisfies the second option for standing—that she have some "injurious exposure" to the challenged communication. According to Plaintiff, she has "plead[ed] that she received a letter directed to the survivors of Peter D. Sheran. She has both read the letter and claimed damage." (Pl. Mem. 12.) It appears that Plaintiff is the wife of the debtor to whose estate Defendant's debt collection letter was sent. (See March Order 2 (referring to the "estate of [Plaintiff's] husband"); Pl. Mem. 3 (referring to the debt of "her late husband").) According to the Complaint, "upon receipt of [the collection] letter, plaintiff opened and read it." (Compl. ¶ 15.) Accordingly, Plaintiff is attempting to demonstrate her standing to sue by asserting that she was injured by her exposure to Defendant's letter upon opening it.

But Plaintiff has not provided any evidence supporting injurious exposure to the challenged communication.[2] Although Plaintiff claims that she read the debt collection letter and was harmed, no supporting facts have been presented to the court whatsoever. Most importantly, there is no evidence—or explanation—of the injury that Plaintiff has suffered by reading the challenged communication. Simply reading the communication cannot qualify Plaintiff for standing under Sibersky. Reading the challenged letter by itself amounts only to "exposure" to

---

[2] The court notes that it is not clear that standing to sue for a violation of § 1692g extends to those who claim to be "injuriously exposed" to an unlawful validation notice. § 1692g imposes requirements upon communications that the debt collector must make with the consumer in collecting a debt. It provides that: "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice" containing specified information. 15 U.S.C. § 1692g(a). The section requires a debt collector to make this communication with the consumer and imposes specific requirements on its contents. It appears, therefore, that § 1692g relates to communication with the consumer and is, thus, not one of the sections of the FDCPA for which there is standing for non-consumers. Moreover, while § 1692c explicitly defines "consumer" to extend to third parties such as spouses or executors, § 1692g contains no such provision. Nonetheless, the court considers whether Plaintiff has standing under the "injurious exposure" standard because Sibersky suggests that non-consumers can sue for violations of § 1692g when that standard has been met.

the communication—the language in <u>Sibersky</u> requires "<u>injurious</u> exposure." Without any evidence of an injury presented, the court cannot conclude that Plaintiff has standing based on injurious exposure to a challenged communication.

In sum, Plaintiff has presented insufficient evidence to create a disputed issue of material fact that she has standing to bring her claim under the FDCPA. She is not the consumer, she does not stand in the shoes of the consumer, and she has provided no evidence of injurious exposure to the challenged communication with the consumer. Summary judgment for Defendant is therefore appropriate.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
September __, 2009

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge